UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIM GREEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMTECH, LLC, a Delaware Corporation; BLACKFORD CAPITAL ASSOCIATES, LLC, a California Corporation; COMPOSITES CONSOLIDATION COMPANY, LLC, a Delaware Corporation; DOUG CHRISTIE, an Individual; KIM BRAZELL, an Individual; BILL BUSHBAUM, an Individual,<br><br>                    Defendants. | CASE NO. CV-10-3022-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |

Before the Court, without oral argument, is Plaintiff Tim Green's Motion to Dismiss Defendants' Counterclaims, ECF No. 35. Plaintiff asks the Court to dismiss Defendants' state-law counterclaims because the Court lacks the power to exercise supplemental jurisdiction over Defendants' state-law claims or, in the alternative, the Court should decline to exercise supplemental jurisdiction over the inadequately plead state-law claims. Defendants oppose the motion, contending the Court should exercise supplemental jurisdiction over their four state-law claims: defamation, harassment, cyberstalking, and tortious interference with a business relationship.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS- 1

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Mr. Green's motion: Defendants' counterclaims are dismissed for lack of jurisdiction.

**A.   Background[1]**

From June 2008 to December 8, 2009, Mr. Green worked for Defendant Amtech, a company that designs and manufactures composite-based products for the U.S. military and private commercial businesses. Third Am. Compl., ECF No. 31 ¶¶ 1.1 & 3.1. Mr. Green worked first as an Engineering Manager and then as a Program Manager who reported directly to Defendant Doug Christie, Amtech's CEO. *Id.* ¶ 1.2.

While performing his duties at Amtech, Mr. Green became concerned that Amtech's products did not comply with the U.S. military's specifications. *Id.* ¶¶ 4.16-4.24. In addition, Mr. Green discovered that Amtech was inflating its billing rates on budgetary documents submitted to the U.S. military. *Id.* ¶¶ 4.1 – 4.15. Mr.

---

[1] The facts set forth in this section pertaining to Mr. Green's retaliation claim are taken from Mr. Green's Third Amended Complaint, ECF No. 31. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (construing the pleadings in the light most favorable to the pleading party). The facts set forth in this section pertaining to Defendants' counterclaims are taken from Defendants' Answer and Counterclaims, ECF No. 32. *Cf. id.* Statements from emails are taken from the emails attached to ECF No. 34.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS- 2

Green also learned that Amtech devised a scheme to receive payment from the U.S. government for products that it had not yet manufactured. *Id.* ¶¶ 4.25-4.29.

Mr. Green disclosed his concerns with such conduct to Amtech's owners and controllers, Defendants Mr. Christie, Kim Brazell, and Bill Bushbaum. *Id.* ¶¶ 4.15, 4.22, 4.30. Mr. Green advised that he would not sign off on documents that contained fraudulent information. *Id.* ¶¶ 4.19 & 4.20. Shortly after Mr. Green wrote a letter on November 25, 2009, to Mr. Christie detailing his concerns, Amtech terminated Mr. Green's employment on December 8, 2009. *Id.* ¶ 4.33.

After Amtech terminated Mr. Green's employment, Mr. Green began emailing Amtech personnel in late 2009 and early 2010. Mr. Green sent numerous emails; some of these emails contained computer viruses. Mr. Green's first emails to Kelly Pippins, Amtech's Human Resource Manager, addressed paycheck issues. A series of emails followed, and on December 22, 2009, Mr. Green emailed Ms. Pippins and Mr. Christie, stating, "You are liars and cheats to your employees, suppliers and customers." ECF No. 34, Ex. A. Within days of that email, Mr. Green also emailed,

> Are you all truly aware of the path Doug is taking this down? Do you truly understand what I know, who I know and the laws in place that will protect me?
> Very poor business decisions happening that could destroy all of you and your investments and futures.

*Id*. Then on December 27, 2009, Mr. Green emailed Mr. Bushbaum, Mr. Christie, and Mr. Brazell, "I hope your Xmas was as joyful as mine. I am looking forward to our Happy New Year together; I'll be the one riding a Pale Horse." *Id.*

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS- 3

On April 22, 2010, Mr. Green filed this False Claims Act lawsuit alleging in part that he was wrongfully terminated in violation of 31 U.S.C. § 3730(h), which prohibits an employer from discharging an employee who engages in a lawful act in furtherance of an effort to stop his employer's fraudulent activities against the U.S. government. ECF No. 1. After the U.S. declined to participate in this lawsuit, ECF No. 15, Mr. Green filed a Third Amended Complaint, which solely seeks relief under § 3730(h). On July 11, 2013, Defendants filed their Answer and Counterclaims, ECF No. 32. Defendants' harassment, cyberstalking, defamation, and tortious interference with business relationships counterclaims are based on Mr. Green's post-termination conduct. *Id.* at 5-6. On July 31, 2013, Mr. Green filed the instant motion to dismiss. ECF No. 35

**A.   Standard**

A federal district court is a court of limited jurisdiction: authority to hear a matter must be specifically given to it by Congress. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). Although a federal court typically does not have jurisdiction over state-law claims, a district court may exercise supplemental jurisdiction over state-law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 18 U.S.C. § 1367(a). A state-law claim is "part of the same case or controversy," *id.*, when it shares a "'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS- 4

*Bahrampour v. R.O. Lampert*, 356 F.3d 969 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Main., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotations and citations omitted)). If a state claim forms part of the same case or controversy as a federal claim, the court is to then exercise supplemental jurisdiction unless 1) the state claim raises a novel or complex issue of state law, 2) the state claim substantially predominates over the federal claim(s), 3) all of the federal claims have been dismissed, or 4) there are compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c)(1-4).

**B.   Analysis**

Upon review of Mr. Green's 31 U.S.C. § 3730 wrongful-termination claim and Defendants' state claims, the Court concludes Defendants' post-termination state claims are not "so related" to the wrongful-termination claim to "form part of the same case or controversy." 28 U.S.C. § 1367. Unlike Mr. Green's wrongful-termination claim, Defendants' counterclaims focus solely on Mr. Green's post-termination conduct. Accordingly, Mr. Green's claim and Defendants' counterclaims do not involve one transaction, scheme, occurrence, or venture. Although many of the witnesses may be the same, the scope of testimony and evidence presented will be substantially different in order to support or defend against Defendants' post-termination state claims. Therefore, because the Court finds that Defendants' counterclaims do not arise out of the same transaction or occurrence as Mr. Green's wrongful-termination claim, the Court lacks supplemental jurisdiction to hear Defendants counterclaims as they are not part of the same case

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS- 5

or controversy.  As a result, the Court need not engage in § 1367's second analytical step.

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaims, **ECF No. 35**, is **GRANTED**.
2. Defendants' four counterclaims are **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Attorney's Office.

**DATED** this  17th  day of September 2013.

                    s/ Edward F. Shea
                      EDWARD F. SHEA
              Senior United States District Judge