Robert D. Stewart                                                         Honorable Edward F. Shea
Kipling Law Group, PLLC
3601 Fremont Ave. N, Suite 414
Seattle, Washington 98103
(206) 545-0345

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA

TIM GREEN,

    Plaintiff,

    v.

AMTECH, LLC, et al.,

    Defendants.

Case No. 10-cv-3022-EFS

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The parties have stipulated, through their respective undersigned counsel, to entry of this Stipulated Protective Order Regarding Confidentiality of Documents and Testimony ("Protective Order"). For purposes of this Order, "Litigation" shall refer to the above-captioned action.

Because it appears there is good cause identified below, it is therefore ORDERED that:

    1. For purposes of this Protective Order, "Document" shall be defined as it is in Federal Rule of Civil Procedure 34(a).

    2. For purposes of this Protective Order, "Testimony" shall be defined to

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 1
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

mean testimony by any party or witness in the above-captioned action, including but not limited to deposition testimony.

3. Scope: This Protective Order applies to all Confidential Documents and Testimony produced by any party or any third party in this Litigation, whether produced prior to or subsequent to the entry of the Protective Order. No Confidential Documents or Testimony produced or provided by any party in the course of this lawsuit, or information derived therefrom, shall be used by any other party, expert, deponent or other person or entity to whom such Documents or Testimony are disclosed, for any purpose other than this Litigation. This Stipulation and Protective Order is intended to cover the following types of documents:

    a. Financial data produced by either party, such as tax returns, profit and loss statements, and the like;

    b. Medical records and information regarding any party or witness;

    c. Documents from personnel files which do not relate to specific instances of misconduct

    d. Proprietary or confidential business information.

    e. Any other documents deemed by either party to be sufficiently confidential that production would be embarrassing, harassing, detrimental to business functions, or invading the privacy of any party or potential witness.

4. Confidential Designation: Documents or Testimony produced in this Litigation referenced above which contain or which could lead to the disclosure of

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 2
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

confidential business or private personal information may be designated by the answering party, producing party, or witness as Confidential, and shall be deemed Confidential and subject to the provisions of this Protective Order, subject to the procedure for challenging confidentiality set forth below.  No party or its attorneys will designate as Confidential any Document or Testimony which they know or believe not to be Confidential.  If any party or witness claims that any Document or Testimony, or any information contained therein, is Confidential, then the party or witness claiming confidentiality shall mark (or cause to be marked) the Document or Testimony, and each page thereof if the Document or Testimony is in printed form, with a stamp identifying it as, "CONFIDENTIAL."  Such material shall thereafter be deemed Confidential subject to the procedure for challenging confidentiality set forth below.

     5. If Documents or Testimony deemed Confidential or any pleading (including without limitation any motion, brief, memorandum, or other filing) that includes any quotation from, or substantive reference disclosing the contents of any Document or Testimony deemed Confidential are filed with the Court, the party filing such Document, Testimony or pleading shall follow the procedures for the sealing of documents.

     6. Any party may designate portions of deposition testimony as Confidential.  If the designation is made during the deposition, the reporter of the deposition containing such designated material shall designate and shall stamp or mark that testimony or the subject pages as "CONFIDENTIAL" and put the Confidential portions under separate cover.  It shall not be necessary to designate

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 3
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1  specific testimony as Confidential during the course of the deposition, although
2  the parties will attempt to do so.  A party may, during the deposition or within ten
3  (10) business days after receipt of the final deposition transcript, notify the other
4  parties that the deposition testimony includes Confidential testimony.  (For
5  purposes of this paragraph, the term "final deposition transcript" means the
6  transcript that is submitted by the court reporter to the witness for signature and/or
7  correction, whether or not the witness has yet signed or corrected the transcript.
8  "Final transcript" does not include the rough ASCII (or equivalent) version of a
9  deposition transcript that is provided in advance of the final transcript for the
10  convenience of counsel.)  The party claiming confidentiality shall designate
11  specific portions of the transcript by page and line and any exhibits as
12  Confidential, and shall give written notice to opposing counsel of the specific
13  portions of transcripts and specific exhibits which have been designated as
14  Confidential.  The parties will treat the entire transcript as Confidential until after
15  the deadline has passed for designation of the transcript; thereafter, only such
16  designated portions and exhibits shall be Confidential.
17       7.  Disclosure of Documents or Testimony designated as Confidential,
18  including all information derived therefrom, shall be restricted solely to the
19  following persons who agree to be bound by the terms of this Protective Order,
20  unless additional persons are agreed upon and stipulated to in writing by counsel
21  or authorized by the Court:
22       (a)  The parties;
23

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 4
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

(b) Outside or inside (if applicable) counsel for any party to the above-captioned Litigation including all employees of said counsel and employees in the legal department where inside counsel are employed, such as (without limitation) permanent and temporary attorneys, contract attorneys, law clerks, paralegal assistants, stenographic, and clerical employees;

(c) Those persons retained by any party herein for the purpose of furnishing consulting and/or expert services, or for giving expert testimony in this matter. Before disclosure, any such expert and/or consultant shall be shown a copy of this Protective Order and shall sign the declaration attached hereto as Appendix A, agreeing to be bound by its terms. The party retaining such persons shall maintain all signed, original declarations and, as to any testifying expert, shall make them available for inspection upon request by any other party at or after the time disclosure of experts is required by the case schedule, or at such other time as ordered by the Court. As to consulting experts whose disclosure is not otherwise required, the party retaining such persons shall maintain all signed, original declarations;

(d) This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court, and stenographic reporters not regularly employed by the Court, who are engaged by the Court during this litigation; and

(e) A witness during the course of his or her deposition, or in preparation for that person's testimony at deposition or trial, if the attorney disclosing the Document or Testimony has a good faith belief that disclosing the Confidential

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 5
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

information is necessary to prepare that person for testimony. The parties and their counsel agree that they will not reveal Confidential Documents or Testimony to a witness unless there is a good faith basis to believe, based on prior testimony, or documents, or based on the nature of the witness' job and its responsibilities, that the witness has sufficient familiarity to testify about the subject matter of the Document or Testimony. Before disclosure, any such witness shall be shown a copy of this Protective Order and shall sign the declaration attached hereto as Appendix A, agreeing to be bound by its terms. The parties shall maintain all signed, original declarations and shall make them available for inspection upon request by any other party, or by the Court, and the attorney at any time after the witness has been disclosed pursuant to discovery requests, or the case schedule, or at such other time as ordered by the Court. If the disclosure occurs during a deposition the deponent may agree on the deposition record to be bound by the terms of the Protective Order.

8. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under applicable state and federal law. Nothing in this Protective Order shall prejudice any party from seeking relief from this Court broadening or restricting the rights of access to and use of Confidential information, or other modifications.

9. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, each party herein shall return to the producing party all produced documents and copies thereof that maintained their confidentiality designation throughout the litigation, or alternatively, certify that

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 6
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1  those documents have been destroyed.

2      10. Each party herein reserves the right to dispute the Confidential status
3  claimed by any other party in accordance with this Protective Order.  If any party
4  believes that any Document or Testimony has been designated inappropriately by
5  another party or witness as Confidential the party shall, in writing, inform counsel
6  for the party claiming confidentiality.  If the party claiming confidentiality does
7  not agree to redesignate the Document or Testimony as nonconfidential within ten
8  (10) business days, the designating party must file an appropriate motion before
9  the Court, to be heard (in chambers if possible), and the burden shall be on the
10 party seeking confidentiality to establish good cause for designating the document
11 as Confidential.  Until the Court rules otherwise, the disputed Document or
12 Testimony shall be treated as Confidential.

13     11. The inadvertent production of any Confidential Document lacking the
14 physical designation "CONFIDENTIAL" shall be without prejudice to any
15 subsequent claim that such material is Confidential, and no party shall he held to
16 have waived any rights by such inadvertent production so long as said change in
17 status of the document is disclosed in writing to the other party within ten (10)
18 business days of the discovery that the document has been produced without the
19 appropriate designation.  Upon written demand of the producing party or non-
20 party, all copies of any Confidential Document lacking the physical designation
21 "CONFIDENTIAL" shall he returned immediately to the producing party or
22 designated as Confidential by the receiving party.  If returned, the producing party
23 then will supply to each of the other parties a copy of the Document properly

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 7
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1  designated "CONFIDENTIAL."

2      12. Nothing in this Stipulation (including the designation of any document)
3  affects objections to discoverability or objections to admissibility at trial, except to
4  the degree that the existence of this Stipulation shall mitigate arguments that
5  production of confidential documents is inappropriate.  However, this Stipulation
6  does not wholly preclude the argument that production would invade privacy or
7  that disclosure of privileged or confidential materials should not occur.

8      13. The Parties agree that during discovery a producing party who has
9  inadvertently produced attorney-client privileged communications or work
10  product documents may notify the receiving party of the privilege claim and, after
11  such notice, the receiving party must return, sequester, or destroy the specified
12  information, retrieve any copies shared with others, and may not use or disclose
13  the allegedly privileged information until the claim is resolved pursuant to Fed. R.
14  Civ. P. 26(b)(6).

15      This Order shall govern the production and disclosure of all Documents and
16  Testimony produced or disclosed in this case, both before and after the entry of this
17  Order.

18      IT IS SO ORDERED.

19  DATED  November 6, 2013               s/ Edward F. Shea
20                                                   HONORABLE EDWARD F. SHEA
                                                 U.S. DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION - 8
(10-cv-3022-EFS)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1   DATED this 10th day of October, 2013.

2                                         s/ Robert D. Stewart
                                          Robert D. Stewart, WSBA #8998
3                                         KIPLING LAW GROUP PLLC
                                          3601 Fremont Avenue N., Suite 414
4                                         Seattle, WA 98103
                                          206.545.0345
5                                         206.545.0350 (fax)
                                          stewart@kiplinglawgroup.com
6

7                                         ***Counsel for Defendants Amtech, LLC;
                                          Blackford Capital Associates, LLC;
8                                         Composites Consolidation Company, LLC;
                                          Doug Christie; Kim Brazell; and Bill
9                                         Bushbaum***

10

11  DATED this 10th day of October, 2013.

12                                        s/ Gregory A. Hitzel
                                          Stephen A. Teller, WSBA #23372
13                                        Gregory A. Hitzel, WSBA #39348
                                          TELLER & ASSOCIATES, PLLC
14                                        1139 34th Avenue, Suite B
                                          Seattle, WA 98122
15                                        206.324.8969
                                          206.860.3172
16                                        steve@stellerlaw.com
                                          greg@stellerlaw.com
17

18                                        ***Counsel for Plaintiff Tim Green***

19

20

21

22

23

STIPULATED PROTECTIVE ORDER REGARDING                KIPLING LAW GROUP PLLC
CONFIDENTIAL INFORMATION - 9                         3601 FREMONT AVE N, SUITE 414
(10-cv-3022-EFS)                                     SEATTLE, WASHINGTON 98103
                                                     telephone (206) 545-0345
                                                     fax (206) 545-0350